# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| PEARSON EDUCATION, INC. and<br>MCGRAW-HILL GLOBAL EDUCATION<br>HOLDINGS, LLC,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>C & N LOGISTICS, INC., RUSSELL TODD<br>WHITE, and SHAWN CHADWELL,<br><br>　　　　　　　Defendants. | Civil Action No.<br><br>**COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT<br>　(17 U.S.C. § 101, *et seq.*)<br>2. SECONDARY COPYRIGHT INFRINGEMENT<br>　(17 U.S.C. § 101, *et seq.*)<br>3. TRADEMARK INFRINGEMENT<br>　(15 U.S.C. § 1114)<br>4. TRADEMARK COUNTERFEITING<br>　(15 U.S.C. § 1114)<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiffs Pearson Education, Inc. ("Pearson") and McGraw-Hill Global Education Holdings, LLC ("MHE") (collectively, "Plaintiffs"), for their Complaint against Defendants C & N Logistics, Inc. ("C & N"), Russell Todd White, and Shawn Chadwell, allege, on personal knowledge as to matters relating to themselves and on information and belief as to all other matters, as follows:

## INTRODUCTION

　　　　1.　　This is a case involving extensive violations of the federal laws concerning copyright and trademark infringement. It arises from the intentional importation and distribution of counterfeit textbooks to the detriment of authors, students, publishers, and others.

　　　　2.　　Plaintiffs are leading educational publishers who develop, market, distribute, license, and sell a comprehensive range of traditional and digital educational content and tools to

professionals and students. Plaintiffs' textbooks are among the most popular and widely used titles in their fields.

3.	Defendants import into the United States and distribute counterfeit copies of Plaintiffs' textbooks. These counterfeits are not the legitimate and authorized versions published by Plaintiffs. Instead, Defendants deal in unauthorized copies of Plaintiffs' textbooks, bearing unauthorized reproductions of Plaintiffs' trademarks.

4.	Plaintiffs bring this Complaint for damages and injunctive relief to bring to an end and seek redress for Defendants' infringement of Plaintiffs' intellectual property rights.

## JURISDICTION AND VENUE

5.	This is a civil action arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and the Lanham Act, 15 U.S.C. §§ 1114 *et seq*. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121.

6.	The Court has personal jurisdiction over Defendants. C & N is incorporated and has its principal place of business in Waverly, Tennessee. C & N also distributed the counterfeits at issue from its location in Tennessee. White resides in Waverly, Tennessee and has conducted business regarding the distribution of textbooks, including the counterfeit textbooks at issue, in and from Tennessee. Chadwell has conducted business regarding the distribution of textbooks, including the counterfeit textbooks at issue, in and from Tennessee.

7.	Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## PARTIES

8.	Plaintiff Pearson is a Delaware corporation with its principal place of business at 330 Hudson Street, New York, New York 10013.

9.	Plaintiff MHE is a Delaware limited liability company with its principal place of

business at 2 Penn Plaza, New York, New York 10121.

10. Defendant C & N is a Tennessee corporation with its principal place of business at 601 East Railroad Street, Waverly, Tennessee 37185.

11. Defendant White is an individual who resides at 1794 Bull Hollow Lane, Waverly, Tennessee 37185, and is the owner, president, and registered agent of C & N.

12. Defendant Chadwell is an individual who resides at 4315 Hopewell Manor Drive, Cumming, Georgia 30028. He has a business association with C & N and White and was involved in the procurement and/or distribution of the counterfeit textbooks at issue to other book distributors.

**PLAINTIFFS' BUSINESSES**

13. Plaintiffs are among the world's largest providers of tailored learning solutions. In the academic marketplace, Plaintiffs serve secondary, post-secondary, and graduate-level students, teachers, and learning institutions providing quality content, assessment tools, and educational services in all available media. Plaintiffs' products and services are sold throughout the world, through direct channels and via a worldwide network of distributors. Plaintiffs invest significant resources annually in the worldwide advertisement and promotion of their goods and services under all their trademarks.

14. Plaintiffs publish their works under many imprints, or brands, that are well known and highly respected. Pearson's imprints include Addison Wesley, Longman, Allyn & Bacon, Benjamin Cummings, Prentice Hall, and Penguin Random House. MHE's imprints include Glencoe/McGraw-Hill, Irwin/McGraw-Hill, Lange Medical Books, and Mayfield Publishing. These are just some of the Plaintiffs' many valuable and recognizable imprints.

15. Plaintiffs' textbooks are widely available in the marketplace for sale or rental.

16.     Plaintiffs suffer financial and reputational injury when their copyrights and trademarks are infringed.  A substantial decline in revenue from sales or rentals of Plaintiffs' copyrighted works could cause Plaintiffs to cease publication of one or more deserving textbooks.  This would have an adverse impact on the creation of new textbooks, on scholarly endeavor, and on scientific progress, by making it more difficult to publish deserving textbooks.

17.     Both publishers and authors alike are deprived of income when their textbooks are unlawfully copied and sold, or when their copyrights are otherwise infringed, which can have serious financial and creative repercussions for them and their work.

**PLAINTIFFS' FEDERALLY REGISTERED COPYRIGHTS AND TRADEMARKS**

18.     Plaintiffs are the copyright owners of, and/or the owners of the exclusive rights under copyright in, *inter alia*, those works or derivative works described on Exhibit A ("Plaintiffs' Books").  Plaintiffs or their affiliates have obtained copyright registrations, duly issued by the United States Copyright Office, covering Plaintiffs' Books.

19.     Plaintiffs' Books bear trademarks and service marks as set forth on Exhibit B ("Plaintiffs' Marks"), which Plaintiffs or their affiliates have duly registered on the Principal Registrar of the United States Patent and Trademark Office.  Plaintiffs own or are the exclusive licensee of Plaintiffs' Marks.  Plaintiffs' Marks are distinctive and arbitrary and are now incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.  Plaintiffs invested decades of effort in building a reputation of quality in the publishing industry, which consumers associate with Plaintiffs' Marks.

**DEFENDANTS' UNLAWFUL ACTIVITIES**

20.     Defendants have distributed hundreds of counterfeits, or more, of Plaintiffs' Books in the United States, some or all of which were imported from overseas.  These are

unauthorized copies of Plaintiffs' textbooks, bearing unauthorized reproductions of Plaintiffs' trademarks.

21. In April 2017, Defendants distributed numerous counterfeit copies of Plaintiffs' Books, covering at least 14 separate titles, to a national book distributor in the United States. When Defendants distributed these counterfeits, they did so in the name "C & N Logistics" and directed that a payment processing company contracted by C & N receive payment for the books. Additionally, Defendant Chadwell was directly involved in procuring these counterfeits and/or negotiating the sale of them to the book distributor in question.

22. Defendants also distributed numerous counterfeit copies of four of Plaintiffs' titles to another book distributor in the United States in July and August 2017. Defendant White was directly involved in procuring these counterfeits and/or negotiating the sale of them to the book distributor in question.

23. Plaintiffs do not yet know the full extent and identity of the channels through which Defendants source and sell textbooks, including counterfeits of Plaintiffs' Books.

24. In an effort to discuss the matters raised in this Complaint, Plaintiffs contacted Defendant White in January 2018. In an emailed response, White claimed that "C&N Logistics provides transport, fulfillment and collection/payment services for our clients. C&N Logistics does not buy books." However, documents related to the transactions at issue show that C & N and White's roles are not limited to these services, but, rather, clearly extend to the procurement and selling of books.

25. At the time that Defendants imported and/or distributed counterfeits of Plaintiffs' Books, Defendants knew or should have known that the books were infringing. Defendants knew or should have known that the supplier of the counterfeits was not authorized to reproduce

Plaintiffs' Books or use Plaintiffs' Marks on textbooks.  Defendants obtained the counterfeits without due diligence as to the integrity of the supplier or the authenticity of the books.  Defendants compounded the problem when, upon receipt of the books, they failed to conduct an adequate review for authenticity.

26. Defendants White and Chadwell directed, supervised, and/or controlled the infringing activity of C & N.  Among other things, White and/or Chadwell selected, oversaw, and/or approved the counterfeits imported or otherwise acquired, the source of the counterfeits, and/or the parties to whom the counterfeits were distributed.  White and Chadwell also had a direct financial interest in, and stood to gain a direct financial benefit from, the infringing activity of C & N.  As the owner of C & N, White stood to personally realize profits made by C & N from the sale of counterfeits.

27. By engaging in the illegal conduct alleged above, in addition to directly organizing and effectuating such infringing activities, each Defendant also personally induced, caused, and materially contributed to infringing conduct by others, including the other Defendants.

28. The counterfeits of Plaintiffs' Books distributed by Defendants are different from and often inferior to Plaintiffs' legitimate textbooks.  Among other differences, the binding, glue, paper, color, and/or printing quality may be different and inferior.  Despite these differences, based on the use of Plaintiffs' trademarks, certain actual and prospective purchasers are likely to believe that the counterfeits of Plaintiffs' Books are legitimate.  This causes confusion and weakens, blurs, and tarnishes Plaintiffs' respective trademarks.  Plaintiffs' business reputations are further injured by having their trademarks and the goodwill associated with them confused or mistakenly associated with textbooks of a lesser quality.

29. While Plaintiffs have identified some of the counterfeit textbook titles that Defendants have imported and distributed, they have not yet identified all of them. The works described on Exhibit A represent the counterfeit books that Plaintiffs currently know Defendants have distributed and introduced into the marketplace. Plaintiffs expect that Exhibit A and Exhibit B will be expanded in discovery, thereby expanding the scope of "Plaintiffs' Books" and "Plaintiffs' Marks," as defined herein.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement Under 17 U.S.C. §§ 101, *et seq.*

30. Plaintiffs re-allege and incorporate by reference the allegations set forth above in paragraphs 1-29.

31. Plaintiffs' Books constitute original works and copyrightable subject matter pursuant to the Copyright Act, and they are protected by registrations duly issued to Plaintiffs (or their predecessors or affiliates) by the United States Copyright Office.

32. At all relevant times, Plaintiffs have been and still are the owners, or exclusive licensees, of all rights, title, and interest in and to their respective copyrights in Plaintiffs' Books, which have never been assigned, licensed, or otherwise transferred to Defendants.

33. Beginning on an unknown date, but at least in April 2017, and continuing to the present, with knowledge of Plaintiffs' copyrights in Plaintiffs' Books, Defendants infringed Plaintiffs' copyrights by violating Plaintiffs' exclusive rights to import their copyrighted works and distribute them to the public by sale or other transfer of ownership. Defendants did so by, among other things, distributing unauthorized copies of Plaintiffs' Books to other book distributors, without Plaintiffs' permission, license, or consent.

34. Defendants' unlawful conduct, as set forth above, was deliberate, intentional,

knowing, and willful.

35. As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

36. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement, as well as other appropriate equitable relief, as specified below.

## SECOND CLAIM FOR RELIEF

**Secondary Copyright Infringement Under 17 U.S.C. §§ 101, et seq.**

37. Plaintiffs re-allege and incorporate by reference the allegations set forth above in paragraphs 1-29.

38. Plaintiffs' Books constitute original works and copyrightable subject matter pursuant to the Copyright Act, and they are protected by registrations duly issued to Plaintiffs (or their predecessors or affiliates) by the United States Copyright Office.

39. At all relevant times, Plaintiffs have been and still are the owners, or exclusive licensees, of all rights, title, and interest in and to their respective copyrights in Plaintiffs' Books, which have never been assigned, licensed, or otherwise transferred to Defendants.

40. Beginning on an unknown date, but at least in April 2017, and continuing to the present, Defendants, with knowledge of Plaintiffs' copyrights in Plaintiffs' Books, indirectly infringed Plaintiffs' copyrights by encouraging, causing, and materially contributing to infringing conduct by others.

41. Defendants White and Chadwell also knowingly engaged in, supervised, and/or controlled the importation and/or distribution of counterfeit copies of Plaintiffs' Books by C & N, and had a direct financial interest in, and stood to gain a direct financial benefit from, such infringing activity.

42. Defendants' unlawful conduct, as set forth above, was deliberate, intentional, knowing, and willful.

43. As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

44. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement, as well as other appropriate equitable relief, as specified below.

## THIRD CLAIM FOR RELIEF

**Infringement of Federally-Registered Trademarks Under 15 U.S.C. § 1114**

45. Plaintiffs re-allege and incorporate by reference the allegations set forth above in paragraphs 1-29.

46. This claim, arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114, is for infringement of trademarks registered to Plaintiffs in the United States Patent and Trademark Office.

47. Without Plaintiffs' authorization, Defendants are marketing, offering for sale, and selling in commerce counterfeits of Plaintiffs' Books bearing unauthorized reproductions of

Plaintiffs' Marks.

48. Defendants' aforesaid uses of Plaintiffs' Marks have caused and are likely to continue to cause confusion, mistake, and/or deception as to the source or origin of Defendants' goods, in that the public, and others, are likely to believe that Defendants' goods are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected with Plaintiffs, all to Plaintiffs' irreparable harm.

49. Defendants, by their above-enumerated acts, willfully and knowingly have violated and infringed Plaintiffs' rights in and to the federally registered Plaintiffs' Marks, in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114), and Defendants threaten to further violate and infringe Plaintiffs' said rights.

50. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' Marks, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement, as well as other appropriate equitable relief, as specified below.

51. Defendants' aforesaid conduct was intentional, or deliberately reckless, and without foundation in law.

## FOURTH CLAIM FOR RELIEF

### Trademark Counterfeiting Under 15 U.S.C. § 1114(1)(a)

52. Plaintiffs re-allege and incorporate by reference the allegations set forth above in paragraphs 1-29.

53. Defendants are infringing the federally registered Plaintiffs' Marks through their

use in commerce of a counterfeit, copy, or colorable imitation of Plaintiffs' Marks, in connection with the sale, offering for sale, marketing, distributing, or advertising of textbooks, with such use being likely to cause confusion, to cause mistake, or to deceive the public.

54. Defendants are intentionally using Plaintiffs' Marks on unauthorized products. Defendants are intentionally infringing upon Plaintiffs' trademark rights in order to further their own business enterprises.

55. Defendants' counterfeiting of Plaintiffs' Marks, as described above, has caused and will continue to cause irreparable injury to Plaintiffs' reputation and goodwill, for which Plaintiffs have no adequate remedy at law. Unless this Court restrains Defendants from continuing their counterfeiting activities, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further counterfeiting, as well as other appropriate equitable relief, as specified below.

## PRAYER FOR RELIEF

By reason of the acts and circumstances alleged above, Plaintiffs seek relief from this Court as follows:

1. Judgment on each of the claims set forth above, including that Defendants' infringements were intentional and willful.

2. Damages and/or restitution according to proof at trial, including exemplary damages where authorized by statute;

3. An accounting and disgorgement of Defendants' profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of purchases and sales of Plaintiffs' Books, with documents relating to all such purchases and sales;

4. An order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful acts as alleged above, including actual damages or statutory damages, at Plaintiffs' election, pursuant to 17 U.S.C. § 504;

5. An order enjoining Defendants and those acting in concert with them from further infringing upon Plaintiffs' respective copyrights pursuant to 17 U.S.C. § 502;

6. An order enjoining Defendants and those acting in concert with them from further infringing upon Plaintiffs' respective trademarks pursuant to 15 U.S.C. § 1116;

7. An order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful use of their trademarks, as alleged above, including statutory damages or treble damages, pursuant to 15 U.S.C. § 1117;

8. An order requiring Defendants to deliver up for destruction all products, packaging, labels, literature, advertising, and other material bearing imitations, including confusingly similar variations, of Plaintiffs' respective copyrights and trademarks pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118;

9. Prejudgment and post-judgment interest at the applicable rate;

10. Plaintiffs' attorney's fees, expenses, and costs of suit; and

11. Such other and further relief the Court deems proper.

## DEMAND FOR JURY

Plaintiffs hereby demand a jury as to all issues so triable.

Dated: May 9, 2018                          Respectfully submitted,

                                   By:  s/ Michael A. Johnson
                                        John J. Griffin, Jr. (#15446)
                                        Michael A. Johnson (#30210)

                                        **KAY GRIFFIN, PLLC**
                                        222 Second Avenue North, Suite 340M
                                        Nashville, TN  37201
                                        Telephone:  (615) 742-4800
                                        john.griffin@kaygriffin.com
                                        mjohnson@kaygriffin.com

                                        Matthew J. Oppenheim (*pro hac vice* application
                                          to be filed)
                                        Michele H. Murphy (*pro hac vice* application
                                          to be filed)
                                        **OPPENHEIM & ZEBRAK, LLP**
                                        5225 Wisconsin Ave, NW, Suite 503
                                        Washington, DC  20015
                                        Telephone:  (202) 480-2999
                                        matt@oandzlaw.com
                                        michele@oandzlaw.com

                                        *Attorneys for Plaintiffs*