

# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| Pearson Education, Inc. and<br>    McGraw-Hill Global Education<br>    Holdings, LLC, | ) | Case No. 3:18-cv-00438<br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Barbara D. Holmes |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| C & N Logistics, Inc., | ) | |
|     Russell Todd White, and | ) | |
|     Shawn Chadwell, | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## DEFENDANT SHAWN CHADWELL'S ANSWER AND COUNTERCLAIMS

Defendant Shawn Chadwell answers plaintiffs Pearson Education, Inc.'s and McGraw-Hill Global Education Holdings, LLC's complaint as follows:

### INTRODUCTION

1.     Defendant denies the allegations in paragraph 1 of the complaint.

2.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the complaint and therefore denies the same.

3.     Defendant denies the allegations in paragraph 3 of the complaint.

4.     Defendant admits that Plaintiffs purport to bring their Complaint for damages and injunctive relief.    Defendant denies any remaining allegations in paragraph 4 of the complaint.

### JURISDICTION AND VENUE

5.     Defendant admits that Plaintiffs' Complaint purports to be a civil action arising under the

1

Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1114 *et seq.*

6.     Defendant admits that C&N Logistics, Inc. is a Tennessee corporation with its principal place of business in Waverly, Tennessee that Mr. White resides in Waverly, Tennessee, and that Messrs. White and Chadwell have conducted business in relation to the distribution of textbooks.    Defendant denies the rest of paragraph 6 of the complaint.

7.     Defendant admits that venue is proper in this district for C&N Logistics, Inc. and Mr. White.    Defendant denies any remaining allegations in paragraph 7 of the complaint.

## PARTIES

8.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the complaint and therefore denies the same.

9.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the complaint and therefore denies the same.

10.     Defendant admits the allegations in paragraph 10 of the complaint.

11.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the complaint and therefore denies the same.

12.     Defendant admits that Mr. Chadwell is an individual residing at 4315 Hopewell Manor Drive, Cumming, GA 30028 and has a business association with C&N Logistics, Inc. Defendant denies any remaining allegations in paragraph 12 of the complaint.

## PLAINTIFFS' BUSINESS

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the complaint and therefore denies the same.

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the complaint and therefore denies the same.

15.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the

allegations in paragraph 15 of the complaint and therefore denies the same.

16.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the complaint and therefore denies the same.

17.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the complaint and therefore denies the same.

## PLAINTIFFS' FEDERALLY REGISTERED COPYRIGHTS AND TRADEMARKS

18.     Defendant admits that federal copyright registrations for: TX0008354985, TX0008125830, TX0008144299, TX0008425354, TX0008232933, TX0008389129, TX0008125765, TX0008398692, TX0008258549, TX 0008144793, TX0008242358, TX0008232978, TX0008066933, and TX0008033253 are listed in the United States Copyright Office Catalog. Defendant lacks knowledge or information sufficient to farm a belief about the truth of the rest of the allegations in paragraph 18.

19.     Defendant admits that federal trademark registrations for Trademark Registration Nos.: 4,664,267; 4,708,487; 2,007,295; 2,599,724; 2,600,081; 2,652,792; 2,679,355; and 2,691,830 (collectively, "Plaintiffs' Marks") are listed in the United States Patent and Trademark Office's Trademark Electronic Search System. Defendant further admits the dates listed in Plaintiffs' Exhibit B match the registration dates listed for each of Plaintiffs' Marks. Defendant denies that Plaintiffs own or are the exclusive licensee of Plaintiffs' Marks. Defendant further denies that Plaintiffs' Marks are arbitrary and incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the complaint and therefore denies the same.

## DEFENDANT'S UNLAWFUL ACTIVITIES

20.     Defendant denies the allegations in paragraph 20 of the complaint.

21.     Defendant denies the allegations in paragraph 21 of the complaint.

3

22.     Defendant denies the allegations in paragraph 22 of the complaint.

23.     Defendant denies the allegations in paragraph 23 of the complaint.

24.     Defendant is aware that on or around December 15, 2017, Mr. White received an emailed letter from a Matthew J. Oppenheim.   Defendant is aware that on or around December 20, 2017, Mr. White replied to Mr. Oppenheim's email.

25.     Defendant denies the allegations in paragraph 25 of the complaint.

26.     Defendant denies the allegations in paragraph 26 of the complaint.

27.     Defendant denies the allegations in paragraph 27 of the complaint.

28.     Defendant denies the allegations in paragraph 28 of the complaint.

29.     Defendant denies the allegations in paragraph 29 of the complaint.

## FIRST CLAIM FOR RELIEF

## Copyright Infringement Under 17 U.S.C. §§ 101, *et seq.*

30.     Defendant incorporate by reference the allegations set forth above in paragraphs 1–29.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the complaint and therefore denies the same.

32.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the complaint and therefore denies the same.

33.     Defendant denies the allegations in paragraph 33 of the complaint.

34.     Defendant denies the allegations in paragraph 34 of the complaint.

35.     Defendant denies the allegations in paragraph 35 of the complaint.

36.     Defendant denies the allegations in paragraph 36 of the complaint.

## SECOND CLAIM FOR RELIEF

## Secondary Copyright Infringement under 17 U.S.C. §§ 101, *et seq.*

37.     Defendant incorporate by reference the allegations set forth above in paragraphs 1–36.

4

38.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the complaint and therefore denies the same.

39.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the complaint and therefore denies the same.

40.     Defendant denies the allegations in paragraph 40 of the complaint.

41.     Defendant denies the allegations in paragraph 41 of the complaint.

42.     Defendant denies the allegations in paragraph 42 of the complaint.

43.     Defendant denies the allegations in paragraph 43 of the complaint.

44.     Defendant denies the allegations in paragraph 44 of the complaint.

## THIRD CLAIM FOR RELIEF

### Infringement of Federally-Registered Trademarks Under 15 U.S.C. § 1114

45.     Defendant incorporate by reference the allegations set forth above in paragraphs 1–44.

46.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 of the complaint and therefore denies the same.

47.     Defendant denies the allegations in paragraph 47 of the complaint.

48.     Defendant denies the allegations in paragraph 48 of the complaint.

49.     Defendant denies the allegations in paragraph 49 of the complaint.

50.     Defendant denies the allegations in paragraph 50 of the complaint.

51.     Defendant denies the allegations in paragraph 51 of the complaint.

## FOURTH CLAIM FOR RELIEF

### Trademark Counterfeiting under 15 US.C. § 1114(1)(a)

52.     Defendant incorporate by reference the allegations set forth above in paragraphs 1–51.

53.     Defendant denies the allegations in paragraph 53 of the complaint.

54.     Defendant denies the allegations in paragraph 54 of the complaint.

55.     Defendant denies the allegations in paragraph 55 of the complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any relief in connection with the allegations of Plaintiffs' complaint, including, without limitation, the allegations of paragraphs 1–55.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiffs demand a trial by jury for all issues so triable.

## AFFIRMATIVE AND NON-AFFIRMATIVE DEFENSES

By way of further Answer and as affirmative and non-affirmative defenses, Defendant denies that he is liable to Plaintiffs on any of the claims alleged and denies that Plaintiffs are entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest, or to any relief whatsoever, and states as follows:

## FIRST AFFIRMATIVE DEFENSE

### First Sale Doctrine

1.     Plaintiffs' claims are barred, in whole or in part, by the first sale doctrine.

## SECOND AFFIRMATIVE DEFENSE

### Fair Use

2.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of fair use, nominative fair use, and/or descriptive fair use.

## THIRD AFFIRMATIVE DEFENSE

### Non-Infringement

3.     Defendant have not infringed any applicable trademarks or copyrights under federal or state law.

6

## FOURTH AFFIRMATIVE DEFENSE

### No Causation, Actions of Others

4.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, were not caused by Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### Invalidity and Unenforceability

5.     Plaintiffs' claims are barred, in whole or in part, because the marks and/or copyrights at issue are invalid and/or unenforceable.

## SIXTH AFFIRMATIVE DEFENSE

### Fraud in Procurement and Maintenance

6.     Plaintiffs' claims are barred, in whole or in part, by the registrants' and/or owners' fraud in the procurement or maintenance of the registrations of the marks at issue with the United States Patent and Trademark Office and/or the copyrights at issue with the United States Copyright Office.

## SEVENTH AFFIRMATIVE DEFENSE

### Abandonment

7.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' abandonment of any marks or copyrights at issue.

## EIGHTH AFFIRMATIVE DEFENSE

### Use to Misrepresent Source

8.     Plaintiffs' claims are barred, in whole or in part, because the marks at issue are being used by or with the permission of the registration or person in privity thereof to misrepresent the source of the goods or services on or in connection with which the marks are used.

7

## NINTH AFFIRMATIVE DEFENSE

### Antitrust

9.     Plaintiffs' claims are barred, in whole or in part, because the marks at issue have been or are being used to violate antitrust laws of the United States.

## TENTH AFFIRMATIVE DEFENSE

### License

10.     Plaintiffs' claims are barred, in whole or in part, because Defendant has express or implied license to use the marks and/or copyrights at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

### Equitable Defenses

11.     Plaintiffs' claims are barred, in whole or in part, under the doctrines of laches; waiver; acquiescence; unclean hands; estoppels; or other equitable doctrines.

## TWELFTH AFFIRMATIVE DEFENSE

### Improper Party

12.     Plaintiffs' claims are barred, in whole or in part, because they are not the proper parties to assert the copyrights and/or marks at issue.

## FIRST NON-AFFIRMATIVE DEFENSE

### Failure to State a Claim

13. Plaintiffs' Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

## COUNTERCLAIMS

Defendant for his counterclaims against Plaintiffs, alleges as follows:

## JURISDICTION

1.  This Court has subject matter jurisdiction over Defendant' counterclaims because they arise under 15 U.S.C. § 1121; 28 U.S.C. §§ 1131, 1332(a); 1338(a) and (b); 2201; and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367 because they form part of the same case or controversy under Article III of the United States Constitution.

2.  This Court has personal jurisdiction over Pearson Education, Inc. ("Pearson") and McGraw-Hill Global Education Holdings, LLC ("MHE"), which have consented to personal jurisdiction in this forum by filing the original Complaint. Furthermore, Pearson and MHE maintain continuous and systematic contact with the forum.

## VENUE

3.  Venue is proper in this district under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district and because the underlying action was filed in this district.

## PARTIES

4.  C&N Logistics, Inc. ("C&N") is a corporation organized and existing under the laws of the State of Tennessee, having its principal place of business at 601 East Railroad Street, Waverly, Tennessee 37185.

5.  Russell Todd White is an individual who resides at 1794 Bull Hollow Lane, Waverly, Tennessee, 37185.

6.  Shawn Chadwell is an individual who resides at 4315 Hopewell Manor Drive, Cumming, GA 30028.

7.  Upon information and belief, Pearson is a Delaware corporation with its principal place of

9

business at 330 Hudson Street, New York, New York 10013.

8.      Upon information and belief, MHE is a Delaware limited liability company with its principal place of business at 2 Penn Plaza, New York, New York 10121.

## FACTS

9.      C&N is in the general business of logistics and freight transportation, including coordination and delivery of freight by truck, ship, and aircraft nationally and internationally, shipping fulfillment, and collection and payment services.

10.     One of C&N's clients is MBS Textbook Exchange, Inc. ("MBS"), a wholesale textbook distributor.

11.     MBS is a Missouri corporation with its principal place of business at 2711 West Ash St., Columbia, MO 65203.

12.     On or around April 10, 2017, MBS placed an order for the importation and delivery of a total 767 copies of fourteen different textbooks, including one textbook published by MHE and thirteen textbooks published by Pearson.   C&N memorialized the order in Invoice Number 04102017a.

13.     C&N confirmed MBS's order with Aika and, in accordance with its standard due diligence practices, visually checked the books in the order to be distributed to MBS to determine that the goods were authentic.   The books showed no sign of tampering, illegitimacy, or counterfeit.

14.     Aika additionally forwarded to MBS copies of three invoices demonstrating that Aika had purchased the textbooks in the shipment directly from MHE's and Pearson's affiliates, McGraw-Hill Education (UK) Limited and Pearson Education Ltd.

15.     C&N attempted to facilitate MBS's purchase and the distribution of the textbooks from Aika and to MBS. However, sometime after April 10, 2017, MBS informed C&N that the textbook shipment had been held, allegedly due to the size of the shipment, and was caught up in an issue with the textbook's publishers.

10

16.     Upon information and belief, Plaintiffs caused to be seized the shipment of textbooks that had been delivered to MBS.

17.     On or around December 15, 2017, Mr. White received an email and attached letter from Matthew J. Oppenheim wherein Mr. Oppenheim, claiming to represent MHE and Pearson, alleged that C&N distributed a pallet of counterfeit books to MBS, including the fourteen various textbooks ordered by MBS.   The letter further demanded that C&N provide (1) the identity of any suppliers from whom it purchased the allegedly infringing books; (2) the titles of all textbooks provided over the last twelve months by the suppliers from which C&N had purchased the allegedly infringing books, along with the number of copies C&N purchased and sold of each of those titles; and (3) the identity, including at least the names and addresses, of any persons or entities to whom C&N had distributed a copy of any of the allegedly infringing textbooks.

18.     On or around December 20, 2017, Mr. White replied to Mr. Oppenheim's email requesting more information about the MBS shipment which Mr. Oppenheim claimed included the allegedly infringing textbooks so that Mr. White could identify the order in question.   Mr. White confirmed that C&N does not purchase textbooks itself and only acts as a logistics, transportation, and facilitation company connecting buyers with suppliers.   Mr. White further stated that he did not believe MBS has received any counterfeit or infringing books through C&N's deliveries and noted that MBS had an outstanding balance that it needed to get paid.

19.     Mr. White investigated the matter, and on or around January 11, 2018, Mr. White replied to Mr. Oppenheim, confirming that the textbooks were authentic and originated from MHE and Pearson and that the original publisher invoices demonstrating the original sale of the textbooks from MHE and Pearson to Aika were forwarded to MBS.

20.     On or around January 15, 2018, Mr. Oppenheim replied to Mr. White via email and again asserted, without providing any evidence, that the allegedly infringing textbooks allegedly sold by C&N

11

to MBS were counterfeit. Mr. Oppenheim again demanded that C&N identify the book supplier and threatened to sue C&N for infringement should it not comply within twenty-four hours.

21.     On or around the evening of January 15, 2018, Mr. White contacted Aika regarding the issue. Aika confirmed the allegedly infringing textbooks are authentic and authorized Mr. White to provide MHE's and Pearson's counsel with Aika's contact information. Aika further requested that MHE's and Pearson's counsel contact them directly if they had any further concerns.

22.     On or around January 16, 2018, and within Mr. Oppenheim's twenty-four-hour deadline, Mr. White replied to Mr. Oppenheim's email with a letter providing him with Aika's identity and contact information.

23.     On May 9, 2018, MHE and Pearson, by and through their counsel, filed a complaint in this district against C&N, Mr. White, and Mr. Chadwell for copyright and trademark infringement.

24.     Plaintiffs have asserted trademark Registration Number 2,007,295 even though that mark is dead, cancelled, and/or invalidated.

25.     Plaintiffs have failed to assert which trademarks registrations or copyright registrations are owned or licensed to or from Plaintiffs, and Plaintiffs have failed to allege all of the mark owners or exclusive licensees of the trademarks registrations or copyright registrations.

26.     Plaintiffs have failed to allege which books or acts infringed which trademark registrations or copyright registrations.

## FIRST COUNTERCLAIM – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF PLAINTIFFS' MARKS

27.     Defendant repeats and realleges paragraphs 1–26 hereof, as if fully set forth herein.

28.     Defendant does not market, offer for sale, or sell in commerce any goods bearing unauthorized reproductions of Plaintiffs' Marks.

29.     To the extent that Defendant is involved in the distribution of goods bearing Plaintiffs'

12

Marks, such marks are authorized and appear on legitimate textbooks that were produced by Plaintiffs and sold by Plaintiffs or its affiliates overseas.

30.     Defendant's use of Plaintiffs' Marks does not and will not, (a) cause confusion or mistake or deceive the public in violation of Lanham Act § 32(1) (15 U.S.C. § 1114(1)); (b) constitute unfair competition or a false designation of origin in violation of Lanham Act § 43(a) (15 U.S.C. § 1125(a)); (c) constitute unfair competition or trademark infringement under state statutory or common law; (d) constitute dilution in violation of Lanham Act § 43(c) (15 U.S.C. §1125(c)); (e) constitute dilution in violation of state statutory or common law; or (f) otherwise violate state or federal statutory or common law.

31.     By reason of the foregoing, Defendant is entitled to a declaration that its use of Plaintiffs' Marks does not and will not infringe Plaintiffs' Marks or otherwise violate state or federal statutory or common law.

## SECOND COUNTERCLAIM – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF PLAINTIFFS' COPYRIGHTS

32.     Defendant repeats and realleges paragraphs 1–31 hereof, as if fully set forth herein.

33.     Defendant has neither imported unauthorized copies of works embodying Plaintiffs' Copyrights nor distributed unauthorized copies to the public by sale or other transfer of ownership.

34.     Defendant has neither encouraged, caused, materially contributed to, knowingly engaged in, supervised, nor controlled the importation and/or distribution of any counterfeit or unauthorized copies of works embodying Plaintiffs' Copyrights.

35.     To the extent that Plaintiffs have rights in Plaintiffs' Copyrights, such rights do not permit Plaintiffs to limit Defendant or Defendant's clients from their rights pursuant to the first sale doctrine and enjoin Defendant or Defendant's clients from purchasing, selling, or otherwise disposing of copies of Plaintiffs' works lawfully made abroad.

13

36.     By reason of the foregoing, Defendant is entitled to a declaration that it is not infringing nor will infringe Plaintiffs' Copyrights or otherwise violate federal copyright law with respect to its facilitation of purchasing and importation of Plaintiffs' textbooks lawfully made and sold abroad.

## THIRD COUNTERCLAIM – INTENTIONAL INTERFERENCE WITH CONTRACT

37.     Defendant repeats and realleges paragraphs 1–36 hereof, as if fully set forth herein.

38.     A legal contract for the procurement and successful delivery of the allegedly infringing textbooks existed between C&N and MBS.

39.     Plaintiffs were aware of the contract between C&N and MBS at least by and through their counsel.

40.     Plaintiffs intended by its actions that C&N would be prevented or hindered from performing its contractual obligations and acted maliciously.   Plaintiffs specifically intended to prevent the distribution, purchase, and resale of authorized and legitimate textbooks lawfully made abroad within the United States in order to maintain their artificially inflated prices for U.S.-sold textbooks and prevent the existence and dissemination of cheaper textbooks in the U.S. market.   Plaintiffs specifically acted with malice to prevent C&N from fulfilling its distribution services and collecting payment from MBS to prevent MBS from acquiring and reselling the textbooks it had lawfully purchased.

41.     The contract has been breached because C&N has been unable to complete delivery to, or collect payment from, MBS.   By alleging C&N engages in counterfeit activities and threatening infringement, by seizing or causing to be seized the April 10, 2017 order to be delivered to MBS, and by initiating this lawsuit, Plaintiffs have engaged in conduct that has prevented C&N from performing its contractual obligations.

42.     Defendant was harmed because the owner of the books was never paid by MBS.

## FOURTH COUNTERCLAIM – INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIP

14

43.     Defendant repeats and realleges paragraphs 1–42 hereof, as if fully set forth herein.

44.     Defendant has an existing business relationship with existing textbook distributors such as MBS and prospective relationship with other U.S.-based textbook distributors desiring to purchase lawful books for domestic resale.

45.     Plaintiffs were aware of C&N's relationship with MBS and its prospective relationship with other textbook distributors based upon communication with counsel and prior dealings between C&N and Plaintiffs.

46.     Plaintiffs intended to cause the breach and termination of the business relationship with MBS and other textbook distributors.

47.     Plaintiffs were motivated to prevent the importation and resale of cheaper, lawful textbooks in order to maintain their anticompetitive prices and economic advantage in the U.S. textbook market. By preventing others such as C&N and MBS from importing and/or facilitating the importation and resale of cheaper textbooks lawfully made abroad, Plaintiffs seek to reduce supply of lawful textbooks in the U.S. market and eliminate the secondary textbook market in order to bolster their position as the only source for Plaintiffs' textbooks.

## PRAYER FOR RELIEF

By reason of the foregoing, Defendant seeks relief from this Court as follows:

1.     Dismissing Plaintiffs' Complaint in its entirety, with prejudice, and finding that Plaintiff recovers nothing thereon;

2.     A declaration that Defendant has not infringed and is not infringing, directly or indirectly, any of Plaintiffs' Marks;

3.     A declaration that Defendant has not infringed and is not infringing, directly or indirectly, any of Plaintiffs' Copyrights;

4.     Awarding Defendant damages for economic and punitive damages for tortious

15

interference;

5.      Awarding Defendant his costs and attorneys' fees in connection with this action; and

6.      Such further and additional relief as the Court deems just and proper.

<strong>DEMAND FOR JURY TRIAL</strong>

Defendant hereby respectfully demand a trial by jury on all issues so triable.

Respectfully Submitted,

Shawn Chadwell     6/26/18

*Defendant*

16

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing DEFENDANT SHAWN CHADWELL ANSWER AND COUNTERCLAIMS has been served on all parties of record on June 25, 2018, including the following:

John J. Griffin, Jr.
Michael A. Johnson
KAY GRIFFIN, PLLC
222 Second Avenue North, Suite 340M
Nashville, TN 37201
john.griffin@kaygriffin.com
mjohnson@kaygriffin.com

Matthew J. Oppenheim
Michele H. Murphy
OPPENHEIM & ZEBRAK, LLP
5225 Wisconsin Ave, NW, Suite 503
Washington, DC   20015
matt@oandzlaw.com
michele@oandzlaw.com

*Attorneys for Plaintiffs Pearson Education, Inc. and*
*McGraw-Hill Global Education Holdings, LLC.*

Shawn Chadwell

6/26/18
2:29 PM

205-565-4190
4315 Hopewell
Manor Dr.
Cumming, GA. 30028

17