# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

PEARSON EDUCATION, INC. and
MCGRAW-HILL GLOBAL EDUCATION
HOLDINGS, LLC,

        Plaintiffs,

v.

C & N LOGISTICS, INC., RUSSELL TODD
WHITE, and SHAWN CHADWELL,

        Defendants.

Case No. 3:18-cv-00438

Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Barbara D. Holmes

## INITIAL CASE MANAGEMENT ORDER

The initial case management conference was held on July 9, 2018. Counsel appearing were: John Griffin for Plaintiffs and Ryan Levy and Sean Douglass for Defendants C&N Logistics, Inc. and Russell Todd White. Also appearing *pro se* was Defendant Shawn Caldwell. From the proposed initial case management order submitted by the parties (Docket No. 24) and discussion during the initial case management conference, and pursuant to Local Rule 16.01(d), the following case management plan is adopted.

    A.   JURISDICTION: The Court has jurisdiction of Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. Plaintiffs, as counter defendants, filed a motion to dismiss Defendants' counterclaims on July 16, 2018 (Docket Nos. 26 and 27).

B. BRIEF THEORIES OF THE PARTIES:

<u>Plaintiffs</u>:  This case involves Defendants' willful infringement of Plaintiffs' copyright and trademark rights through the importation and distribution of counterfeit copies of Plaintiffs' educational textbooks, bearing unauthorized reproductions of their valuable trademarks.  The acts leading to this action are not the first instance of Defendants' association with counterfeiting.  Previously, Defendant C&N Logistics, Inc. ("C&N") and its president and owner Defendant Todd White, have claimed – and continue to claim in this case – that C&N's role is limited to providing logistics and freight transportation services, but it "does not buy books."  *See, e.g.,* Answer (Dkt. No. 22) ¶ 24.  Defendants hide behind this description in an attempt to avoid liability for infringement when, in fact, they are directly involved in the procurement, importation, and selling of textbooks, including the counterfeits at issue.  Plaintiffs believe the extent of counterfeiting activity for which Defendants are responsible extends well beyond the transactions of which Plaintiffs are currently aware.  Defendants also claim that the counterfeits at issue were sourced from Plaintiffs' own affiliates.  This is false, and Defendants knew or should have known, including through the exercise of supply chain integrity and diligent inspection processes, that the textbooks were counterfeit and did not come from the publishers.  Defendants procure counterfeits from oversees, including through business dealings between Defendant Shawn Chadwell, C&N, and/or White and an alleged Jordanian entity known as "Aika," and distribute them to other book sellers in the United States.  Defendants' importation and distribution of counterfeits displaces legitimate sales of Plaintiffs' textbooks, causing Plaintiffs serious financial and reputational harm, for which they are entitled to damages and injunctive relief.  Plaintiffs also did not

2

intentionally or improperly interfere with Defendants' business or contractual relationship with a third party. Plaintiffs merely identified counterfeit books as such, and when they so identified the books, they did not know who had distributed the books to the third party in question.

<u>Defendants Todd White & C&N Logistics ("C&N")</u>: C&N served as the shipping provider for books purchased by third parties and sold lawfully to a third party. C&N has provided documentation showing Plaintiffs that the books were lawfully purchased from Plaintiffs' lawful foreign distributor. U.S. Copyright Law, as affirmed by the Supreme Court, allows the importation and resale of lawfully made foreign-sourced books. Plaintiffs' claims are improper as C&N is not liable for the accused acts, and the accused acts themselves were not unlawful. C&N has not committed copyright or trademark infringement. Plaintiffs have improperly made these allegations against C&N and interrupted and interfered with C&N's lawful business relationships and transactions.

<u>Defendant Shawn Chadwell</u>: Defendant did not participate in procurement, importation, or selling of counterfeit textbooks. Defendant did not make any buying decisions. That was done by the purchaser of the books. Defendant did not make any selling decisions. That was done by the seller, "Aika." The buyer and seller agreed to use C&N for shipping. Their decision was based ultimately on the buyer's and seller's mutual confidence and trust in C&N's abilities. The Defendant does not have financial interest/ownership in Aika, C&N, or the third party buyer. Therefore the Defendant does not have the authority to dictate what choices those 3 separate companies decide to make as a collective or individually.

C. ISSUES RESOLVED: None as of yet.

D.  ISSUES STILL IN DISPUTE:

<u>Plaintiffs</u>: The issues in dispute include, but are not limited to, the extent of counterfeit books imported and distributed by Defendants; the full nature of Defendants' dealings with the sources and purchasers of the counterfeit textbooks and with each other; the information Defendants knew or should have known in importing and distributing counterfeits; the revenues generated by Defendants' infringing activity; the harm done to Plaintiffs as a result; and the propriety, or lack thereof, of Defendants' counterclaims.

<u>Defendants C&N and White</u>: The issues in dispute include, but are not limited to, what proof Plaintiffs have that the accused books are counterfeit; C&N's liability for the claims asserted by Plaintiffs; declaratory judgment of non-infringement as to copyright and trademark claims; C&N's damages for Plaintiffs' interference with contract and business relationships.

<u>Defendant Shawn Chadwell</u>:  The issues in dispute include, but are not limited to, what proof Plaintiffs have the accused books are counterfeit; Defendant's liability for the claims asserted by Plaintiffs; declaratory judgment of non-infringement as to copyright and trademark claims; damages done to the defendant because of Plaintiffs' false claims and filing of a frivolous lawsuit.

E.  INITIAL DISCLOSURES:  The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by no later than **August 24, 2018**.  The parties' initial disclosures must include copies, not descriptions, of responsive documents.

F.  CASE RESOLUTION AND JOINT STATUS REPORTS:  The parties must engage in a minimum of two independent and substantive attempts at case resolution. By no later than **November 6, 2018**, the parties must submit a joint report confirming that the parties

4

made a first good faith effort to resolve the case. Thereafter, the parties will engage in mediation by no later **than 30 days in advance** of the deadline for the filing of dispositive motions. By the earlier of **seven (7) days** following the conclusion of mediation or J**uly 8, 2019**, the parties must file a second joint case resolution status report confirming their second attempt at case resolution. The parties may also request a judicial settlement. Such request must be made by no later than **May 3, 2019**, and must also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

G. DISCOVERY: The parties must complete all written discovery and depose all fact witnesses on or before **April 5, 2019.** Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after good faith discussions must be brought promptly to the attention of the Magistrate Judge either by a request for a discovery conference or a discovery motion, and all discovery motions must be filed by no later than **April 5, 2019**. In connection with any discovery conference or discovery motion, the parties must file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H.  MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties must be filed by no later than **December 3, 2018**. Any motion to amend or to add parties must be accompanied by the proposed amended pleading, which shall be appended as an exhibit to the motion. Prior to filing the motion to amend, counsel for the moving party must discuss the proposed amendment with all other counsel and must state in the motion to amend whether or not the motion is opposed.

I.  DISCLOSURE OF EXPERTS: The Plaintiffs shall identify and disclose all expert witnesses, and if a report is required, serve such report(s), on or before **April 22, 2019**. The Defendants shall identify and disclose all expert witnesses, and if a report is required, serve such report(s), on or before **May 22, 2019**. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(6.d).[1]

J.  DEPOSITIONS OF EXPERT WITNESSES: All experts shall be deposed by no later than **June 28, 2019**.

K.  SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case management conference shall be held telephonically on **January 10, 2019, at 1:30 p.m.**, to address: status of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of ADR); scheduling of a final case management

---

[1] The parties' attention is directed to the additional language about rebuttal experts and supplemental expert reports, which was inadvertently overlooked for discussion during the initial case management conference.

conference under Local Rule 16.01(d)(6); and, any other appropriate matters. Plaintiffs' counsel shall initiate the call.

L. DISPOSITIVE MOTIONS:  Dispositive motions shall be filed by no later than **July 29, 2019.**  Responses to dispositive motions, including motions to dismiss, must be filed **within 28 days** after the filing of the motion.  Briefs or memoranda of law in support of or in opposition to a dispositive motion may not exceed 25 pages.  Optional replies may be filed **within 14 days** after the filing of the response and shall not exceed 5 pages.  No motion for partial summary judgment shall be filed except upon leave of court.  Any party wishing to file such a motion must first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court.  In all other respects, the provisions of Local Rule 56.01 shall govern.

M. ELECTRONIC DISCOVERY:  The parties anticipate reaching an agreement on how to conduct electronic discovery.  However, in the absence of an agreement, the default standards of Administrative Order No. 174 will apply.  Any agreement between the parties must be reduced to writing and signed or acknowledged by all parties, either on their own behalf or by counsel.

N. **Modification of Case Management Order:**  Any motion to modify a case management order or any case management deadline must be filed at least seven (7) days in advance of the earliest impacted deadline.  Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension.  The motion for modification

7

must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(d)(2.f) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions must also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

O. **Requests to Seal Documents or Portions of Documents:** Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed

8
Case 3:18-cv-00438   Document 28   Filed 07/18/18   Page 8 of 9 PageID #: 170

protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

P.  ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The **JURY** trial of this action is expected to last **approximately 5-10 business days**.[2] A trial date of **January 7, 2020**, or after, is respectfully requested. An order setting dates for trial and a pretrial conference and detailing the parties' pretrial obligations will be entered separately by Chief Judge Crenshaw.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[2] The parties were also reminded during the case management conference of their option to consent to final disposition by a Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by a Magistrate Judge.