UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| PEARSON EDUCATION, INC. and MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC,<br><br>    Plaintiffs,<br>  v.<br>C & N LOGISTICS, INC., RUSSELL TODD WHITE, and SHAWN CHADWELL,<br><br>    Defendants. | Case No. 3:18-cv-00438<br><br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Barbara D. Holmes |

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential documents, information, and/or things (hereinafter, collectively, "documents") it is ORDERED as follows:

1. The following terms have the following meanings:

    a. "CONFIDENTIAL." Use of the "CONFIDENTIAL" designation is reserved for documents that, based on a good faith belief, contain information the Producing Party ordinarily treats as confidential and would not be and has not been subject to public disclosure AND one of the following:

i. trade secrets, confidential research or development information, competitively sensitive technical, marketing, financial, or sales information, or other confidential business/commercial information;

ii. private or confidential personal information;

iii. information received in confidence from third parties;

iv. information subject to a legally protected right of privacy (e.g., FERPA, HIPAA, etc.) or otherwise required by statute, regulation, or separate Court order to be maintained in confidence;

v. information covered by a recognized privilege (e.g., the attorney-client privilege, the physician-patient privilege, etc.); or

vi. the Producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

b. "ATTORNEYS' EYES ONLY." Use of the "ATTORNEYS' EYES ONLY" designation is reserved for documents that contain, based on a good faith belief, information the Producing Party ordinarily treats as confidential and would not be and has not been subject to public disclosure AND one of the following:

i. sales leads, customer or client lists or identities, customer account information (other than publicly available information), product specifications, pricing information, or similar highly confidential commercial information;

ii. information containing or relating to the privacy interests of third parties who did nothing to give rise to this action (such as customer names and their contact information, personally identifiable information, or financial information)

    unless such information is required for the adjudication of claims or defenses raised in this action; or

    iii. highly sensitive business, commercial, or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the Producing Party.

  c. "Producing Party." Use of the term "Producing Party" means the party (including third party) that affixes the Confidentiality Designation on a document.

  d. "Receiving Party." Use of the term "Receiving Party" means the party that receives the document on which the Confidentiality Designation has been affixed.

  2. Any party to this litigation or applicable third party shall have the right to designate as "Confidential" or "Attorneys' Eyes Only," as appropriate and subject to this Order, any documents the party determines require such designation. "Confidential" and "Attorneys' Eyes Only" are collectively referred to as "Confidentiality Designations" and documents marked accordingly are referred to as "Confidential Material," unless otherwise indicated. Any party to this litigation or applicable third party who produces or discloses any such material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the appropriate legend: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

  3. All Confidential Material shall be used by the Receiving Party solely for purposes of the prosecution or defense of this action, shall not be used by the Receiving Party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those individuals set forth in Paragraph 4 or 5, unless the restrictions herein are removed by written agreement of the parties or Order of the Court. To the

extent disclosure of Confidential Material is sought by a third party or is required by law, including in response to a subpoena or a discovery request served by legal process (or a subpoena or legal process would require production of Confidential Material), the party receiving such subpoena or legal process shall notify in writing the Producing Party that produced that Confidential Material within two (2) days of receiving the subpoena or legal process. Any such person or entity attempting to enforce such subpoena or legal process shall be apprised of this Order by the party upon whom the subpoena or legal process was served. Nothing herein shall be construed as requiring anyone covered by this Order to contest a subpoena or legal process, to appeal any order requiring production of Confidential Material covered by this Order, or to subject itself to penalties for non-compliance with any subpoena or legal process. The party upon whom the subpoena or legal process was served shall produce the Confidential Material pursuant to a protective order providing substantially the same protection as this Order and designating the Confidential Material as "Attorney's Eyes Only." Should a party seek to disclose Confidential Material for any other purpose, including but not limited to investigative or enforcement purposes related to intellectual property rights, it shall confer with the Producing Party and, if the parties cannot reach agreement after discussing the matter in good faith, seek Court intervention if the disclosure is still required or desired. It is further understood that counsel for a party receiving Attorneys' Eyes Only material may give advice and opinions to his or her clients relating to this action based upon his or her evaluation of the Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the specific content of such material.

    4. Material designated "Confidential" and the contents thereof (material designated "Attorneys' Eyes Only" is addressed in Paragraph 5) may be disclosed only to the following individuals under the following circumstances:

a. Outside counsel (herein defined as any attorney at the parties' outside law firms and relevant in-house counsel for the parties;

b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court and court personnel;

e. Any deponent may be shown or examined on Confidential Material if: (i) it appears the deponent authored or received a copy of the material and/or was involved in the subject matter described therein, (ii) the deponent is employed by the party who produced the material, or (iii) the Producing Party consents to such disclosure;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings, including, but not limited to, court reporters, stenographers, videographers, litigation support personnel, jury consultants, and individuals who prepare exhibits and provide audiovisual support, as well as their staff whose duties require access to such materials; and

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives or employees who are required to participate in decisions with reference to this action.

5. Material designated "Attorneys' Eyes Only" and the contents thereof may be disclosed only to the individuals and under the circumstances described in Paragraph 4(a)-(f). Confidential Material, including Attorneys' Eyes Only material, shall be used only by individuals

permitted access to it under Paragraphs 4 and 5. Such material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

      6.      With respect to any deposition that involves a disclosure of Confidential Material of a party to this action, such party shall have until seven (7) calendar days after receipt of the deposition transcript (unless extended by the parties) within which to inform all other parties which portions of the transcript are to be designated as Confidential Material. During these seven (7) calendar days, no such deposition transcript shall be disclosed to any individual other than those described in Paragraphs 4 and 5. Upon being informed that certain portions of a deposition transcript are designated as Confidential Material, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked.

      7.      If counsel for a party receiving documents or information designated as Confidential Material hereunder objects to such designation, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the material in question and the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within seven (7) calendar days, and shall describe with particularity the grounds for the designation. Counsel shall then confer in good faith in an effort to resolve the dispute. If no timely written response is made to the objection, the challenged designation will be deemed to be void.

b. If a dispute as to a Confidentiality Designation cannot be resolved by agreement, the Producing Party shall present the dispute to the Court. The material that is the subject of the dispute shall be treated as originally designated pending resolution of the dispute.

8. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. All parties governed by this Order acknowledge that documents designated under this Order will not be automatically sealed upon filing or use at trial, and that the decision to seal a document for filing is a matter for the Court's discretion pursuant to Fed. R. Civ. P. 26(c), and under the principles set forth in <u>Procter & Gamble Co. v. Banker's Trust Co.</u>, 78 F.3d 219 (6th Cir. 1996), <u>Brown & Williamson v. FTC</u>, 710 F.2d 1165 (6th Cir. 1983), and other applicable case law.

This Court applies the following standard for sealing documents in the record: "[t]he proponent of sealing [the Producing Party that originally affixed the Confidentiality Designation] must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons – specifically by 'analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" <u>Beauchamp v. Fed. Home Loan Mortg. Corp.</u>, 658 F. App'x 202, 207 (6th Cir. 2016) (quoting <u>Shane Group, Inc. v. Blue Cross Blue Shield of Michigan</u>, 825 F.3d 299, 305 (6th Cir. 2016)).

a. If a Producing Party files its own material designated under this Order, its motion to seal the respective documents must comport with the standard set forth above. Documents marked "Attorneys' Eyes Only" and filed with the Court pursuant to this process shall be treated as though they are marked "Confidential."

b. If a Producing Party files its own material designated under this Order and the Court denies the motion to seal or unseals the document, the Producing Party may request that the document be withdrawn rather than filed not-under-seal, in order to avoid the public disclosure thereof.

c. Because a party other than the Producing Party may seek to file Confidential Material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for filing under seal is essential. Accordingly, counsel are ordered to meet and confer in person or by telephone at least three (3) calendar days prior to the filing of an application wherein the basis for the sealing is that it has been affixed with a Confidentiality Designation or otherwise deemed confidential by a party other than the filer. Not later than two (2) calendar days after the meet-and-confer conference, the Producing Party shall confirm whether such information shall be designated as Confidential or whether it can be made available to the public. If the Producing Party determines that the material shall be designated as Confidential, then it shall provide in writing the basis or bases for sealing the documents, and the filing party shall prepare a motion to the Court requesting that the designated documents be sealed, setting forth the dates and method by which the parties met and conferred, and reciting the basis or bases for sealing the documents provided by the Producing Party; otherwise it will be denied without prejudice to an amended application being filed after counsel have completed this process. If a non-Producing Party's request to file designated material under seal is denied by the Court, then the non-Producing Party may file the material in the public record unless (1) the Producing Party seeks reconsideration within three (3)

calendar days of the denial, or (2) as otherwise instructed by the Court. Documents marked "Attorneys' Eyes Only" and filed with the Court pursuant to this process shall be treated as though they are marked "Confidential."

d. Copies of any pleading, brief, or other document containing Confidential Information which is served on opposing counsel shall be stamped "**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**," shall be transmitted via email or cover letter and envelope bearing similar designation, and shall be treated in accordance with the provisions of this Order. The parties will file redacted versions of any such pleadings, briefs, or other documents in the public record.

e. When it is determined that a document should be filed under seal, the filing party shall file the material under seal consistent with this Order and as set forth in Section 5.07 of Administrative Order 167 or pursuant to such other procedures ordered by the Court.

9. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential Material, it may do so only after giving notice to the Producing Party and as directed by the Court.

10. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, provided that the disclosing party notifies counsel for all other parties in writing of its desire to designate the material Confidential promptly after discovering the inadvertent or unintentional disclosure, and, subject to any objection, the designation will be effective prospectively. When a Producing Party gives notice

that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B).

11. No information that is in the public domain or which is already known by, or becomes available to, the Receiving Party through proper means other than the party asserting confidentiality shall be considered to be Confidential Material hereunder.

12. This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party. The parties' stipulation approving the terms hereof is being entered into without prejudice to their right to move the Court for modification of this Confidentiality Order.

13. This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

14. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the Producing Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Acknowledgment And Agreement To Be Bound (Exhibit A ).

15. Upon the final conclusion of this litigation, including the exhaustion any appeals, each party or other individual subject to the terms hereof shall be under an obligation to assemble all originals and copies of Confidential Material and return them to the Producing Party, or, at the Producing Party's request, destroy such material.

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality and Protective Order ("Order") that was issued by the United States District Court for the Middle District of Tennessee on _____ [date] in the case of *Pearson Education, Inc. and McGraw-Hill Global Education Holdings, LLC v. C & N Logistics, Inc., Russell Todd White, and Shawn Chadwell*, Civil Action No. 3:18-cv-00438. I agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions for contempt. I promise that I will not disclose in any manner any information or item subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Middle District of Tennessee for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Signature: _____

Respectfully submitted,

By: s/ Michael A. Johnson
    John J. Griffin (#15446)
    Michael A. Johnson (#30210)
    KAY GRIFFIN, PLLC
    222 Second Avenue North, Suite 340M
    Nashville, TN 37201
    Telephone: (615) 742-4800
    john.griffin@kaygriffin.com
    mjohnson@kaygriffin.com

    Matthew J. Oppenheim (admitted *pro hac vice*)
    Michele H. Murphy (admitted *pro hac vice*)
    OPPENHEIM & ZEBRAK, LLP
    5225 Wisconsin Ave, NW, Suite 503
    Washington, DC 20015
    Telephone: (202) 480-2999
    matt@oandzlaw.com
    michele@oandzlaw.com

    *Attorneys for Plaintiffs Pearson Education, Inc. and McGraw-Hill Global Education Holdings, LLC*

 s/ Scott M. Douglass w/ perm. MJ
John F. Triggs (BPR 26718)
Ryan D. Levy (BPR 24568)
Scott M. Douglass (BPR 31097)
Patterson Intellectual Property Law, P.C.
1600 Division Street, Suite 500
Nashville, Tennessee 37203
(615) 242-2400
jft@iplawgroup.com
rdl@iplawgroup.com
smd@iplawgroup.com

*Attorneys for Defendants C & N Logistics, Inc. and Todd White*

 s/ Shawn Chadwell w/ perm. MJ
Shawn Chadwell

4315 Hopewell Manor
Cumming, Georgia
(205) 565-4190
schadwell@mac.com

*Defendant, Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2018, a true and exact copy of the foregoing Stipulated Confidentiality and Protective Order has been served on Defendants C & N Logistics, Inc. and Todd White via ECF and on Defendant Shawn Chadwell via email per agreement of the parties.

s/ Michael A. Johnson
Michael A. Johnson
