IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PEARSON EDUCATION, INC., et al., | ) |
| Plaintiffs, | ) |
| v. | ) NO. 3:18-cv-00438 |
|  | ) JUDGE RICHARDSON |
| C&N LOGISTICS, INC., et al., | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Pending before the Court is Plaintiffs' Motion to Dismiss or Strike Defendants' Counterclaims (Doc. No. 71, "Motion"). Defendant Chadwell has filed a response in opposition (Doc. No. 77), and Plaintiffs have filed a reply (Doc. No. 78). Defendant White has not responded to the motion.[1] For the reasons stated herein, Plaintiffs' Motion will be granted.

## **BACKGROUND**

Plaintiffs brought this action against Defendants C&N Logistics, Inc., Russell Todd White, and Shawn Chadwell for copyright and trademark infringement. *See* Plaintiffs' Second Amended Complaint (Doc. No. 62). According to Plaintiffs, they are leading education publishers who develop, market, and sell textbooks. Plaintiffs claim they are the owners or exclusive licensees of the copyrights and trademarks that appear on the textbooks at issue in this case. Plaintiffs allege that Defendants are guilty of "intentional, widespread, and ongoing distribution of counterfeit

---

[1] The Local Rules of Court provide that failure to file a timely response to a motion shall indicate that there is no opposition to the motion. Local Rule 7.01(b).

textbooks in the United States, to the detriment of authors, students, publishers, and others." (Doc. No. 62 at ¶¶ 1-4).

Defendants White and Caldwell, acting *pro se,* filed Answers and Counterclaims to Plaintiffs' Second Amended Complaint. (Doc. Nos. 67 and 68).[2] The Counterclaims filed in response to Plaintiffs' Second Amended Complaint are, for all intents and purposes, identical to counterclaims filed earlier in this action (Doc. Nos. 22, 23, 31 and 43) and dismissed with prejudice by the Court. (Docket Nos. 22 and 48).

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all the factual allegations in the complaint (or in the counter-complaint, as is this case) as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*.; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), *cited in Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the

---
[2] The Court has granted default for Plaintiffs against Defendant C&N Logistics, Inc. (Doc. Nos. 59, 60 and 94).

defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. This can be crucial, as no such allegations count toward the plaintiff's goal of reaching plausibility of relief. To reiterate, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bold" allegations. *Id*. at 681. The question is whether the remaining allegations – factual allegations, *i.e.*, allegations of factual matter – plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id*. at 683.

## **ANALYSIS**

As explained above, the Counterclaims that Plaintiffs seek to dismiss are, in all relevant respects, identical to the Counterclaims filed earlier in this action. Once again, Defendants have asked the Court (1) to declare that their use of Plaintiffs' marks does not and will not infringe Plaintiffs' marks or violate the law; (2) to declare that they are not infringing Plaintiffs' copyrights; (3) to find that Plaintiffs are intentionally interfering with Defendants' contracts; and (4) to find that Plaintiffs are intentionally interfering with Defendants' business relationships.

The Court has already addressed these issues in its Order and Memorandum Opinion dated December 12, 2018 (Doc. Nos. 47 and 48) and dismissed these same counterclaims with prejudice. Specifically, the Court ruled that Defendants' Counterclaims for declaratory judgment are

3

redundant, mirror-images of Plaintiffs' infringement claims and they also fail to plausibly state a claim. (Doc. No. 47).[3] The Court also held that Defendants' two tortious interference counts failed to state a claim. (*Id*).

Defendants now are essentially asking the Court to reconsider its prior ruling without asserting any basis for doing so.[4] Although Defendant Chadwell, in his brief opposing, makes conclusory allegations of communications by plaintiffs' "overseas employees," (Doc. No. 77), the Court cannot consider these assertions, even if they were not conclusory, on a motion to dismiss, where, as explained above, it may consider only the pleadings (the counterclaims) themselves. Moreover, there has been no motion to amend the counterclaims to assert this or other additional factual allegations. Defendants have provided no reason for the Court not to adhere to its earlier ruling, the Court continues to believe that it was correct, and the Court in fact will adhere to it.

Alternatively, the counterclaims are subject to dismissal under the law-of-the-case doctrine. In this regard, this case is like *Hayden v. Rhode Island*, 13 F. App'x 301 (6th Cir. 2001), in which the Sixth Circuit affirmed the district judge's merits-based rejection of the suit at issue, then stated:

> We also note that the law of the case doctrine provides an additional basis for affirming the district court's judgment. With the exception of the addition of plaintiff Hayden, this suit is a duplicate of the dismissal recently affirmed in *Shewchun v. Rhode Island,* No. 98–1682, 1999 WL 455323 (6th Cir. June 23,

---

[3] The Court also held that, even if the "mirror-image rule" did not apply, it would dismiss the declaratory judgment counterclaims based on its discretion under the Declaratory Judgment Act. (Doc. No. 47 at 8).

[4] The Court notes that it does not begrudge Defendants restating these counterclaims in response to the filing of the Second Amended Complaint to the extent they reasonably believe they need to do so in order to preserve these claims for purposes of appeal. But the restated counterclaims are subject to dismissal for the same reasons as were the original counterclaims, and alternatively are subject to dismissal under the law-of-the case doctrine.

4

1999). Under the law of the case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored,* 38 F.3d 1419, 1421 (6th Cir.1994); *see also Arizona v. California,* 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L.Ed.2d 318 (1983). The law of the case dictates that issues, once decided, should be reopened only in extraordinary circumstances. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817, 108 S. Ct. 2166, 100 L.Ed.2d 811 (1988). This suit presents only unexceptional circumstances.

*Hayden v. Rhode Island*, 13 F. App'x at 302. Likewise, here, the counterclaims in response to the Second Amended Complaint are, with immaterial exceptions, a duplicate of the ones previously dismissed by the Court. And there are no extraordinary circumstances to reopen them.

## CONCLUSION

In summary, the rulings in the Court's prior Order (Doc. No. 48) and Memorandum Opinion (Doc. No. 47) concerning effectively these same Counterclaims are the law of the case here. Moreover, Defendants have shown no reason to revisit or change these rulings even if the Court could do so without running afoul of the law-of-the-case doctrine.

For these reasons, Plaintiffs' Motion to Dismiss Defendants' Counterclaims (Doc. No. 71) will be granted in that Defendants' Counterclaims will be dismissed.[5]

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[5] In light of the Court's dismissal of the Counterclaims, the Motion's alternative request to strike the counterclaims is denied as moot.